MANDO v. KITCHELL et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

1. LANDLORD AND TENANT (§ 303*)—PETITION TO REMOVE TENANT AND UNDER-
   TENANTS—REQUISITES AND SUFFICIENCY.

   As Code Civ. Proc. §§ 2231, provided that a "tenant" and his "under-
   tenants" may be removed when "he" holds over without permission, and
   by section 2235 the petition need not state more, a petition for removal
   of a tenant and undertenants need not allege that undertenants held over
   "without permission of the landlord."

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 303.*]

2. LANDLORD AND TENANT (§ 303*)—PETITION TO REMOVE TENANT AND UNDER
   TENANTS—REQUISITES AND SUFFICIENCY.

   A petition to remove a tenant and undertenants, alleging that the
   premises are in occupation of the tenant and undertenants is specific
   enough, against objection that it did not show under whom an under-
   tenant was such or who his landlord was.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
   1303–1309; Dec. Dig. § 303.*]

3. LANDLORD AND TENANT (§ 305*)—ACTION FOR REMOVAL—FRIVOLOUS AN-
   SWER.

   In an action to remove a tenant and undertenants, an undertenant's
   answer denied that the landlord owned the premises and that he was a
   tenant of the tenant, and there was no denial of the allegation that the
   rent was demanded, but only that it was demanded "according to law,"
   and, as to the allegation that she and undertenants were in possession,
   it alleged that the tenant "vacated" the premises a year ago. Held, that
   there was no error in striking out or disregarding such answer, as it
   raised no issue, and was therefore frivolous.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 305.*]

   Woodward and Rich, JJ., dissenting.

Appeal from Nassau County Court.

Action by Albert F. Mando against Lauretta H. Kitchell and oth-
ers, in justice's court, to remove defendants as tenant and underten-
ants holding over after default in payment of rent. On appeal to the
County Court by William L. Kitchell, one of the undertenants, from
a final order of the justice for removal, the order was reversed, and
plaintiff appeals. Order of reversal reversed, and the final order of
the justice affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and
RICH, JJ.

G. L. Rohan, for appellant.
Lincoln B. Haskin, for respondent.

GAYNOR, J. The tenant did not appeal from the final order of
the justice, but only one of the three undertenants, William L. Kitch-
ell. The reversal of the said final order was erroneous. The justice
properly denied the motion of the said undertenant to dismiss the pe-
tition for not alleging facts sufficient. The petition was not required
to allege that the undertenants held over "without the permission of
the landlord." That requirement is only in respect of the tenant. Code
Civ. Proc. § 2231. The provision is that a "tenant" and his "under-
tenants" may be removed when "he," i. e., the tenant, holds over with-

out such permission, and the petition did not need to state more. Section 2235. Only the tenant holds over as to the landlord. The undertenant holds over as to his landlord, viz., the tenant, and the lease between them.

The other objection to the sufficiency of the petition, viz., that it does not show under whom the said undertenant was such, or who his landlord was, is also unfounded. The petition sets out the written lease to the tenant, and alleges that the premises are in the occupation of the said tenant "and William L. Kitchell, George W. Kitchell and G. C. Kitchell, undertenants." This is specific enough, unless the spirit of verbal technicality is to be permitted to run altogether afield. It is a short statement that one person named is tenant and the others undertenants. Of whom could they be undertenants except of the tenant? The landlord may often not be able to grade or classify the undertenants, and there is no requirement that he should do so. The first undertenant named here may have hired of the tenant, the second one of the first, and the third of the second, but they are all undertenants. Nor did the justice err in striking out or disregarding the said undertenant's answer. It raised no issue and was therefore frivolous. The denial that the landlord owned the premises was of an immaterial fact. There was no denial of the allegation that the rent was demanded, but only that it was demanded "according to law"—a legal conclusion and negative pregnant. The allegation that the tenant "vacated" the premises a year ago was no denial of the allegation that she and the undertenants were in possession. Their physical possession under her would be her legal possession. The denial that he was the tenant of the tenant was not a denial that he was an undertenant—he might have hired of an undertenant.

The order of reversal should be reversed, and the final order affirmed.

Order of the County Court of Nassau county reversed, with $10 costs and disbursements, and final order of the justice's court affirmed, with costs.

JENKS and BURR, JJ., concur.

WOODWARD, J. (dissenting). This special proceeding was instituted against Lauretta H. Kitchell, tenant, and William L. Kitchell, George W. Kitchell, and G. C. Kitchell Optical Company, Incorporated, undertenants, for the nonpayment of rent, and was tried before Charles F. Gittens, justice of the peace, at Hempstead, resulting in a judgment in favor of the landlord, not alone against the tenant, but against the undertenants, for removal and $8.80 costs. From this judgment William L. Kitchell, undertenant, appealed to the County Court, where the judgment was reversed, and from the judgment and order of the County Court the landlord appeals to this court.

I am of the opinion that the petition was defective, and failed to give jurisdiction of the undertenants, because it does not show under whom William L. Kitchell or George C. Kitchell Optical Company, Incorporated, held as undertenants, or who is their landlord, and "because it

does not allege that William L. Kitchell (among others) holds over without the consent of the said Albert F. Mando," the landlord. These questions were raised by a motion to dismiss the petition before the justice, which motion was denied, and it is now urged by the landlord that the respondent and other undertenants were not necessary parties, as they had no legal right upon the premises. Assuming, without deciding, that this is true, yet he did make them parties, and the judgment of the justice's court is against them for removal and for costs. He cannot be permitted to say that they were not proper parties, where he has elected to bring them in, and still hold on to a judgment of removal, with costs, against them. The judgment is, therefore, properly reversed.

The judgment and order appealed from should be affirmed, with costs.

RICH, J., concurs.